# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 6, 2022

Lyle W. Cayce
Clerk

No. 21-60097
Summary Calendar

Ara Khachatryan,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A203 593 134

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Ara Khachatryan, a native and citizen of Armenia, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from a decision of the Immigration Judge (IJ) concluding that he was ineligible for asylum, withholding of removal, and relief under the

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60097

Convention Against Torture (CAT).  He challenges the BIA's conclusions that he has not shown eligibility for asylum because he failed to show past persecution.  We review his arguments under the substantial evidence standard.  *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).  Additionally, we review the decision of the BIA and consider the IJ's decision only insofar as it influenced the BIA.  *See Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

Khachatryan has not shown that substantial evidence compels a conclusion contrary to that of the BIA on the issue whether he showed past persecution.  *See INS v. Elias–Zacarias*, 502 U.S. 478, 481 (1992); *Zhang*, 432 F.3d at 344.  Additionally, Khachatryan failed to challenge through a motion to reconsider the BIA's findings that he waived his claims that (i) he had established a well-founded fear of future persecution; (ii) he was entitled to withholding of removal and relief under the CAT; and (iii) he was entitled to relief based on his membership in a particular social group.  Accordingly, we lack jurisdiction to consider whether the BIA's dismissal of those claims based on waiver was error.  *See* 8 U.S.C. § 1252(d)(1); *Martinez-Guevara v. Garland*, 27 F. 4th 353, 360 (5th Cir. 2022); *Omari v. Holder*, 562 F.3d 314, 320-21 (5th Cir. 2009).

Because our resolution of Khachatryan's petition does not turn on his credibility, we do not reach his challenge to the IJ's and BIA's adverse credibility finding.  We further note that the IJ and BIA reviewed Khachatryan's claim of past persecution independent of their adverse credibility finding.

Khachatryan's petition for review is DENIED IN PART and DISMISSED IN PART for lack of jurisdiction.